

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VALENTIN A. BADULESCU,<br>PETITIONER | CIVIL ACTION |
| VERSUS | NO. 05-0167 |
| TOM RIDGE, SECRETARY OF<br>HOMELAND SECURITY, ET AL. | SECTION "R" |

### ORDER AND REASONS

Respondents move to dismiss petitioner Valentin A. Badulescu's petition for a writ of *habeas corpus* as moot and for failure to state a claim on which relief can be granted. For the following reasons, the Court GRANTS respondents' motion to dismiss as moot.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Valentin A. Badulescu is a native and citizen of Romania. Petitioner alleges that he entered the United States in October 1999 without inspection or authorization of the United States government. On November 13, 2002, petitioner was convicted in the U.S. District Court for the Middle District of Louisiana on charges of possessing a false passport, *see* 18 U.S.C. § 1546(a), and furnishing false information to the

Commissioner of Social Security. See 42 U.S.C. § 408(a)(6). The court sentenced petitioner to six months imprisonment with credit given for time served.

On November 25, 2002, petitioner was taken into the custody of Immigration and Customs Enforcement. ICE brought removal proceedings against him, asserting that petitioner was removable under 8 U.S.C. § 212(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, and under 8 U.S.C. § 212(a)(2)(A)(i)(I), as an alien previously convicted of a crime of moral turpitude. In the removal proceeding, petitioner requested asylum, withholding of removal under 8 U.S.C. § 1231(b)(3) and withholding of removal under Article III of the U.N. Convention Against Torture. The Immigration Judge determined that petitioner was not eligible for asylum or withholding and ordered his removal. When petitioner appealed that determination to the Board of Immigration Appeals, the Board remanded petitioner's case for further evidence on his eligibility for withholding. After further proceedings on remand before a different Immigration Judge, the Immigration Judge granted petitioner's request for withholding under the U.N. Convention Against Torture on August 24, 2004, but denied his requests for asylum and for withholding under the Immigration and Nationality Act. Both parties appealed that decision.

Petitioner filed his petition for a writ of *habeas corpus* in this Court on January 18, 2005, asserting that his continued detention violates the Due Process Clause of the Fifth Amendment. The government filed a motion to dismiss the petition on May 17, 2005.

On April 28, 2005, the Board of Immigration Appeals reversed the Immigration Judge's August 24, 2004 decision. The Board found that petitioner had not satisfied his burden of establishing his eligibility for withholding of removal under the U.N. Convention Against Torture, but it also held that petitioner appeared eligible for withholding under 8 U.S.C. § 1231. The Board again remanded the matter to the Immigration Judge for further proceedings.

Petitioner was released from detention under an order of supervision on July 13, 2005. On July 22, 2005, the government moved to dismiss the petition as moot, arguing that petitioner had received the relief he sought.

**II. DISCUSSION**

The jurisdiction of the federal courts is limited under Article III, section 2 of the Constitution to the adjudication of actual, live cases and controversies. *See, e.g., Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004). When a *habeas* petitioner has been released from custody, the Court can continue

to exercise jurisdiction over his petition only if the petitioner "demonstrates 'some concrete and continuing injury other than the now-ended incarceration.'" *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). That is, the petitioner must show that "some 'collateral consequence' of the litigation's outcome persists." *Alwan*, 388 F.3d at 511 (quoting *Spencer*, 523 U.S. at 8).

To determine whether petitioner might suffer collateral consequences in this case, the Court must first consider the nature of his claims. Petitioner's challenge is directed at the constitutionality of his indefinite detention under 8 U.S.C. § 1226(c), which permits the detention of certain criminal aliens even without an order of removal.[1] Petitioner is no longer detained under that provision, however. Thus, his primary personal stake in the outcome of this action – securing his release from custody – is moot. *See Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002) ("Because Soliman is not being detained by the INS . . . no order from this Court requiring the INS to release him into the community awaiting his

---

[1] Although petitioner also advances an alternative challenge to his detention under 8 U.S.C. § 1231, which provides for detention during the "removal period" after a final order of removal, petitioner has never been under a final order of removal, and he was not therefore detained under section 1231. *See* 8 U.S.C. § 1231.

4

final removal could have any effect.").

This does not end the inquiry, however. It is well established the legal consequences of removal constitute collateral consequences sufficient to present a live case or controversy within the meaning of Article III, section 2. *See Zalawadia*, 371 F.3d at 297-98 (five-year bar on readmission to United States after deportation "constitutes a cognizable collateral consequence"). Here, importantly, petitioner does not challenge his status as a deportable alien or his removability. Had petitioner made such a challenge, the Court would not hesitate to conclude that *habeas* jurisdiction existed. *See Alwan*, 388 F.3d at 511; *Zalawadia*, 371 F.3d at 297-98; *Baig v. Ashcroft*, No. Civ.A. 04-2957, 2005 WL 1309052, at *1 (E.D. La. May 17, 2005). Petitioner has actively litigated removability before the Immigration Judge and the Board of Immigration Appeals, and he continues to do so, but his claims in this Court relate only to his pre-decision detention. Those claims are moot, and, accordingly, his *habeas* petition must be dismissed. *See Solimon*, 296 F.3d at 1243 & n.2 (dismissing *habeas* petition as moot when petitioner challenged only detention pending removal, not order of removal).

5

## III. CONCLUSION

For the reasons discussed above, the Court GRANTS respondents' motion to dismiss petitioner's claims as moot.

Baton Rouge, Louisiana, this 12th day of October, 2005.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE